UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

CINDY JOHNSON,
    Plaintiff,

v.

Case No.: 2:09-cv-611
JUDGE GREGORY L. FROST
Magistrate Judge Terence P. Kemp

PAULA MOSELEY, et. al.,
    Defendants.

### OPINION AND ORDER

This matter is before the Court for consideration of the Motion of Defendants to Dismiss Pursuant to Federal Rule 12(b)(6) ("Defendants' Motion to Dismiss") (Doc. # 12), Plaintiff's Memorandum Contra to Defendants' Motion to Dismiss (Doc. # 14), Plaintiff's Supplement to Plaintiff's Memorandum Contra to Defendants' Motion to Dismiss (Doc. # 16), Defendants' Reply Memorandum (Doc. # 17), Defendants' Motion to Strike Plaintiff's Amended Complaint ("Defendants' Motion to Strike") (Doc. # 19), Plaintiff's Memorandum Contra to Defendants' Motion to Strike (Doc. # 20), Plaintiff's Motion for Default Judgment (Doc. # 21), and the Memorandum of Defendants in Opposition to Plaintiff's Motion for Default Judgment (Doc. # 23). For the following reasons, the Court **GRANTS** Defendants' Motion to Dismiss, **GRANTS** Defendants' Motion to Strike, and **DENIES** Plaintiff's Motion for Default Judgment.

### I. Background

The following facts are taken from Plaintiff's complaint.

On July 12, 2008, Defendants Officer Tom Withers and Officer Krishea Osborne arrested Plaintiff at her residence in Athens, Ohio and charged her with trespassing. Plaintiff alleges that

she was legally present at the residence.

The following day, Plaintiff contacted Defendant Athens, Ohio Police Chief Richard Mayer and informed him that the she had been improperly arrested and that the police report incorrectly stated that she had been evicted. Plaintiff asked Mayer to intervene on her behalf. Mayer did not review or intervene in the matter. Plaintiff believes that Athens Ohio Police Captain Tom Pyle interfered with her ability to obtain relief from the police department because Pyle's wife was the property manager for the residence at issue. Plaintiff also contacted Defendant Paula Moseley, Athens City Service Safety Director, and asked her to intervene on her behalf. Moseley did not review or intervene in the matter.

On July 14, 2009, Plaintiff filed suit against Defendants Moseley, Mayer, Withers and Osborne in their official capacities, alleging falsification of records and violations of constitutional due process and equal protection. Plaintiff explains in her opposition to Defendants' motion to dismiss, that the falsification of records claim for relief is not brought under Ohio law, but is instead brought under her constitutional equal protection and due process claims. Plaintiff requests relief in the form of damages in the amount of $455,00.00.

On August 19, 2009, Defendants filed their motion to dismiss. After Plaintiff responded in opposition to that motion, Plaintiff filed an amended complaint. (Doc. # 18.) Defendants then filed their motion to strike that amended complaint.

On November 19, 2009, Plaintiff filed a motion for default judgment.

## II. Defendants' Motion to Dismiss

### A. Standard

Defendants move for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544,] 570 [(2007)]. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.*, at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid.* Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.' " *Id.*, at 557 (brackets omitted).

*Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

## B. Analysis

Plaintiff is seeking damages under 42 U.S.C. § 1983 ("Section 1983"). Section 1983 states that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress[.]

42 U.S.C. § 1983. To prevail on a Section 1983 claim, Plaintiff "must establish that a person acting under color of state law deprived [her] of a right secured by the Constitution or laws of the United States." *See Waters v. City of Morristown*, 242 F.3d 353, 358-59 (6th Cir. 2001).

Plaintiff alleges that she was deprived of her constitutional rights by four city of Athens' employees. Plaintiff filed this action against these individuals in their official capacity. Suing government officials in their official capacity "represent[s] only another way of pleading an action against [the] entity of which an officer is an agent[.]" *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978). "[A] municipality cannot be held liable . . . on a *respondeat superior*

theory." *Id.* at 691. The United States Supreme Court explained:

> We conclude, therefore, that a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983.

*Id.* at 694-95.

Here, Plaintiff does not allege that the execution of any policy or custom of the city of Athens caused her injury. Therefore, even when construing Plaintiff's complaint liberally and holding her to a less stringent standard than a pleading drafted by a lawyer, *Haines v. Kerner*, 404 U.S. 519, 520-21(1972), the complaint fails to state a claim to relief that is plausible on its face, *Iqbal*, 129 S.Ct. at 1949. Accordingly, the Court **GRANTS** Defendants' Motion to Dismiss.

### III. Defendants' Motion to Strike

On October 7, 2009, Plaintiff filed an amended complaint. Defendants, however, had already filed their motion to dismiss. Under Rule 15 of the Federal Rules of Civil Procedure, a plaintiff is not permitted to file an amended complaint after a defendant has filed a responsive pleading without the "opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Plaintiff neither moved for leave to file the amended complaint nor obtained Defendants' written consent to file it. Thus, the Court **GRANTS** Defendants Motion to Strike.

However, the Court notes that if Plaintiff had requested permission, and this Court had granted her permission, to file the amended complaint this case would still have been dismissed pursuant to Defendants' Motion to Dismiss. That is because there is nothing in Plaintiff's amended complaint that would prevent dismissal of this action for failure to state a claim for

4

which relief can be granted.

## IV.  Plaintiff's Motion for Default Judgment

In her motion for default judgment, Plaintiff argues that she is entitled to judgment because Defendants failed to file an answer to her complaint.  Rule 55 of the Federal Rules of Civil Procedure permits default to be entered only when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend."  Fed. R. Civ. P. 55(a).  However, a motion to dismiss is a responsive pleading that is meant to be filed in the place of an answer and constitutes "otherwise defending."  *See* Fed. R. Civ. P. 12(b)(6) ("A motion asserting [a 12(b)(6)] defense[] must be made before pleading if a responsive pleading is allowed.").  Thus, there is no basis for granting Plaintiff the relief she requests.

Accordingly, the Court **DENIES** Plaintiff's Motion for Default Judgment.

## V. Conclusion

Based on the foregoing, the Court **GRANTS** Motion of Defendants to Dismiss (Doc. # 12), **GRANTS** Defendants' Motion to Strike (Doc. #19), and **DENIES** Plaintiff's Motion for Default Judgment (Doc. # 21).  The Clerk is **DIRECTED** to **ENTER JUDGMENT** in accordance with this Opinion and Order.

**IT IS SO ORDERED**.

/s/ Gregory L. Frost  
**GREGORY L. FROST**  
**UNITED STATES DISTRICT JUDGE**